(No. 30572.—)
WACLAW JASELSKI, Appellee, *vs.* UNITED STATES OF AMERICA, Appellant.

*Opinion filed May 20, 1948.*

OTTO KERNER, JR., United States Attorney, JOHN P. LULINSKI, MAURICE C. HANDELMAN, and DEWEY G. HUTCHINSON, all of Chicago, for appellant.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellee, Waclaw Jaselski, filed a petition for naturalization in the circuit court of Kane County on July

30, 1946. Objection to his becoming a citizen was made by the United States because he had failed to establish good moral character during the five-year period immediately preceding the filing of his petition as required by law. The petition was granted and the order entered September 3, 1947. The United States brings this appeal to review that order. The appellee has filed no brief or appearance in this court.

The facts as set forth in the record show that Waclaw Jaselski was lawfully admitted into the United States for permanent residence on July 5, 1910. His occupation is that of a tailor.

He was married to one Stella Mitchell on August 13, 1924. That marriage was annulled and petitioner never remarried. It was conclusively shown by statements of the petitioner and other evidence that he lived with one Emily Vaslavek as husband and wife continuously from the year 1929 to October or November, 1943, except for the year 1940, during which time they had sexual relations.

Under almost identical circumstances the same questions arising in this case were raised and fully discussed in *Calo* v. *United States, post,* p. 329, in which an opinion has been filed and adopted at this same term. We are in entire accord with the pronouncements of law in that case which we adopt without repetition here.

By the Nationality Act of 1940, an applicant for citizenship must show good moral conduct for a period of five years immediately preceding the filing of a petition. One guilty of adultery within the five-year period does not qualify under the provisions of that act. Failing to comply with this necessary qualification, the application of the petitioner should have been denied. The order of the circuit court of Kane county is, therefore, reversed and the cause is remanded, with directions to set aside the decree and to deny appellee a certificate of naturalization.

*Reversed and remanded, with directions.*